159 So.2d 625

**Ralph HAWKINS**

v.

**Otis McCRARY.**

7 Div. 601.

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 3, 1963.

Beck & Beck and Lee Clyde Traylor, Fort Payne, for appellant.

Campbell & Campbell, Scottsboro, and Kellett & Hunt, Fort Payne, for appellee.

SIMPSON, Justice.

Appeal by the intervening claimant in an action of detinue for one Mack Truck, Motor No. NHB 109239, from a judgment in favor of the plaintiff.

The suit as originally filed was against one Edgar Hammond who filed a plea of disclaimer suggesting appellant claimed the property sued for. Appellant came in as provided in § 933, Title 7, Code of Ala.1940, making the necessary affidavit and posting the required bond for the property. The issue was made up between appellee as plaintiff and appellant as claimant and the suit was tried on the claim suit.

Appellant insists that the truck in controversy was not the one described in the complaint but that it was a 1952 LJT Mack Diesel Tractor, Engine No. NHB 103209, Serial No. LJT–1B–11883. Appellant contends that the lower court erred in admitting into evidence a mortgage note on a 1953 Mack Truck, Motor No. 109239, given by appellee to J. C. Jacobs Banking Company. We again take notice that the truck described in the complaint is the same truck described in the mortgage. How this docu-

ment would be beyond the issues of the case is not made clear. It sheds light on ownership and title of the described truck. It is, of course, within the issues as made up in the pleadings, having probative force thereon and was properly received into evidence by the trial court.

Appellant argues that the lower court erred in refusing the general affirmative charge with hypothesis as he requested, because the truck in controversy was not as appellee described. The point, as such, was not taken at the trial of the case, but is sought to be taken advantage of here by argument in brief under various general rulings assigned as error. The basis of the argument is that the conditional sales contract admitted into evidence describes a truck other than the one made basis for this suit. The argument, to say the least, is sophistical. The complaint describes the property as "one 1953 Mack Truck, Motor No. NHB 109239", as does the detinue bond, affidavit, defendant's bond, plea of disclaimer, claim affidavit, and finally the judgment entry. Tag receipts for various years were received into evidence which similarly described the truck. Appellant then argues that the complaint does not describe the truck in controversy at all, but another truck. As we understand the facts from a reading of the record, being unaided by the rather obfuscous statement of facts in appellant's brief, a truck was in possession of Hammond, the original defendant, who refused to allow appellee to remove it from his place of business. Appellant was claiming some interest in the truck, hence the claim suit. If this is not the truck made the subject of controversy, appellant need never have entered the lawsuit, making claim for the truck described in the complaint. Moreover, the judgment would not affect his right to possession of the truck to which he makes claim, i. e., "1952 LJT Mack Diesel Tractor, Engine No. NHB 103209, Serial No. LJT–1B–11883."

It results from these considerations that any of the errors complained of have not "probably injuriously affected substantial rights" of appellant (Rule 45, S.Ct. Rules of Practice, Title 7, Code of Ala.1940) since the truck described in the judgment is apparently not the truck which appellant claims.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

## On Rehearing

SIMPSON, Justice.

We have restudied the transcript in the light of appellant's contention on rehearing and are still of the opinion that the point was not made, nor the issue raised, as to the identification or description of the truck on which the judgment was entered. The lower court stated to the jury in his oral charge: "The real issue between the parties in this case is the ownership of the property". Nowhere in the oral charge is any mention made of the identity, vel non, of the truck in controversy, nor do we believe such point was made in any of the proceedings below. It is clear the appellant did not raise such an issue in his pleading, but appellant now asks us to enter a determination on the basis of its exhibit that the truck described in the complaint and judgment entry is not the truck in controversy. To accede to this insistence would in effect cast the burden on this Court of passing on questions of fact not presented in the trial below. This, of course, we may not do.

We can not concede merit in the application.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.